**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:  CV _____**

| | |
|---|---|
| Paul Schmitt, | |
| Plaintiff, | **COMPLAINT** |
| -vs- | |
| LVNV Funding LLC, a State of South Carolina Limited Liability Company, Creditors Interchange Receivable Management, LLC, a State of New York Limited Liability Company, and Resurgent Capital Services L.P., a State of South Carolina Limited Partnership, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C.  § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## PARTIES

2.     Plaintiff Paul Schmitt (hereinafter "Schmitt" or "Plaintiff") is an individual residing in the City of Waconia, the County of Carver, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3.     Upon information and belief, Defendant LVNV Funding LLC (hereinafter "LVNV") is a State of South Carolina Limited Liability Company with an office operating at 75 Beattie Place, Greenville, South Carolina 29601, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4.     Upon information and belief, Defendant Creditors Interchange Receivable Management, LLC (hereinafter "Interchange") is a state of New York Limited Liability Company with an office operating at 80 Holtz Drive, Buffalo, New York 14225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.     Upon information and belief, Defendant Resurgent Capital Services, L.P. (hereinafter "Resurgent") is a state of South Carolina Limited Partnership Company with an office operating at 75 Beattie Place, Greenville, South Carolina 29601, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.     Sears offers or extends credit creating a debt, and is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4).

7.     Plaintiff incurred an obligation for primarily personal, family or household purposes, with Citibank-Sears, with the account number of *********5043, which is an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a consumer debt.

8.     Based upon information and belief, Defendant LVNV purchased the alleged debt on or about February 13, 2006.

9.     Based upon information and belief, Defendant Interchange purchased the alleged debt on or about February 13, 2006.

10.    Based upon information and belief, Defendant Resurgent purchased the alleged debt on or about February 13, 2006.

11.    Based upon information and belief, Defendants operate under the corporate veil of the Sherman Companies.

12.    On February 24, 2006, Plaintiff's attorney wrote to Defendants Interchange, LVNV, and Resurgent to inform them that Plaintiff was represented by an attorney and that all communications should be directed toward said attorney and not his client.  Further, Plaintiff's attorney, on behalf of Plaintiff, disputed the debt and requested verification thereof.  *See Exhibit 1.*

13     On March 21, 2006 Plaintiff's attorney again wrote to Defendant Interchange disputing the debt, requesting verification thereof, and to direct all communications to Plaintiff's attorney.  *See Exhibit 2.*

14.    On or about March 27, 2006, Plaintiff's attorney received a letter from Defendant Interchange regarding the alleged debt, which acknowledged that the alleged debt was in dispute, but failed to verify the debt.  Further, the letter stated that the matter was returned to the client, Defendant Resurgent, for closure.  *See Exhibit 3.*

15.    Based upon information and belief, on or about December 7, 2006 Defendants referred the alleged debt to Gurstel, Staloch & Chargo (hereinafter "Gurstel"), a Professional Association for collection of the alleged debt.

16.    On or about December 7, 2006, Gurstel wrote to Plaintiff directly attempting to collect the alleged debt, which was still in dispute and not verified, on behalf on Defendant LVNV.  *See Exhibit 4.*

17.    On or about December 18, 2006, Plaintiff's attorney wrote to Gurstel to determine if Gurstel was aware that Plaintiff was represented by an attorney.  *See Exhibit 5.*

18.    On or about December 22, 2006, Gurstel responded to Plaintiff's attorney stating that Gurstel was unaware that Plaintiff's attorney represented Plaintiff.  *See Exhibit 6.*

19.     By employing and being in control of, and causing Gurstel to contact Plaintiff directly in an attempt to collect a disputed debt and by not first providing verification of the alleged debt, Defendants Resurgent, LVNV, and Interchange violated 15 U.S.C. § 1692g(b) of the FDCPA.

20.     By employing and being in control of, and causing Gurstel to contact Plaintiff directly, when Defendants knew Plaintiff was represented by an attorney, Defendants Resurgent, LVNV, and Interchange violated 15 U.S.C. § 1692c(a)(2).

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

21.     Plaintiff incorporates paragraphs 1 through 20 as though fully stated herein.

22.     The foregoing acts and omissions of the Defendant constitute multiple and distinct violations of the FDCPA against the Plaintiff herein, including but not limited to 15 U.S.C. § 1692 generally, § 1692g(b), § 1692c generally and § 1692(c)(2).

23.     As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendants, and for Plaintiff's attorney fees and costs, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

- For an award of statutory damages of $1,000.00 for Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692(a)(1) and 15 U.S.C.  § 1692k(a)(3), against each Defendant, for Plaintiff herein;

**<u>SUCH OTHER RELIEF</u>**

- For such other and further relief as may be just and proper.


Dated this 3rd day of December 2007.     MARSO, MICHELSON & HARRIGAN, P.A.


By: <u>/s/ William C. Michelson</u>
    William C. Michelson
    Attorney for Plaintiff
    Attorney I.D. No.: 129823
    3101 Irving Avenue South
    Minneapolis, Minnesota 55408
    Telephone: 612-821-4817

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
                             ) ss
COUNTY OF HENNEPIN )

Paul Schmitt, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Paul J. Schmitt_
Paul Schmitt

Subscribed and sworn to before me
this 3rd day of December, 2007.

_____
Notary Public

WILLIAM C MICHELSON
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan 31 2010

6